Dear Mr. Austin:
Your office has requested our opinion regarding the legality of several grants made by the Plaquemines Parish Government (the "Parish") to the following organizations or programs: the Y.M.C.A., the Audubon Institute, the Plaquemines Volunteer Residential Rehabilitation Corporation, the New Orleans Area Council Boy Scouts of America, the Southeast Louisiana Girl Scout Council, the Parish Aid Program, and the Scholarship Program.
We have received a copy of a memorandum on this issue prepared by Mr. Robert E. Harroun, III, formerly General Counsel to the Legislative Auditor. This office is in agreement with Mr. Harroun's findings.
La. Const. (1974) Art. VII, Sec. 14(A) provides, in pertinent part:
 "Except as otherwise provided by this constitution, the funds, credit property, or things of value of the state or any political subdivision shall not be loaned, pledged or donated to or for any person, association, or corporation, public or private."
The Supreme Court has interpreted Article 7, Section 14 to be violated whenever the State or a political subdivision seeks to give up something of value when it is under no obligation to do so. City of Port Allen v. Louisiana Risk Management, Inc.,439 So.2d 399 (La. 1983).
This office is unaware of any constitutional or statutory provisions which obligate the Parish to fund or implement the goals of the Y.M.C.A., the Audubon Institute or the Boy and Girl Scouts of America. There being no underlying legal obligation or authority for a transfer of these public funds by the Parish to these organizations, it is the opinion of this office that the Parish is constitutionally prohibited from doing so.
Although this office admires the work of the Y.M.C.A., the Audubon Institute, and the Boy and Girl Scouts, we note that the worthiness of the contemplated use of public funds is immaterial to the constitutionality of a transfer of public funds. See: James v. Rapides Parish Police Jury, 113 So.2d 88 (La.App. 2nd Cir. 1959) which interpreted La. Const. (1921) Art. IV, Sec. 12, a provision almost identical to the present Art. VII, Sec. 14(A).
In regard to the grants made to the Plaquemines Volunteer Residential Rehabilitation Corporation and the Parish Aid Program, we note that Art. VI, Sec. 14(B) of the Constitution provides certain exceptions to the prohibition contained in Sec. 14(A), and states, in pertinent part:
 "Nothing in this Section shall prevent (1) the use of public funds for programs of social welfare for the aid and support of the needy".
It is our understanding that the Parish Aid Program provides monetary relief to families that fall within a minimum income category, and that relief is only provided to families that meet various eligibility criteria. As the program appears to be one "of social welfare for the aid and support of the needy", it is our opinion that grants to this program are constitutionally sanctioned.
We are advised that the purpose of the grant to the Plaquemines Volunteer Residential Rehabilitation Corporation is to rehabilitate residences for the needy of Plaquemines Parish. The Corporation is to enter into a service agreement contract with the Parish. Such a transfer of funds would be permissible, as long as both the Parish and the Corporation agree that the funds are to be expended by the Corporation for the needy, and as long as those assisted through this program are screened, pursuant to objective criteria, to insure that they are truly needy. See: Guste v. Nicholls College Foundation, 564 So.2d 682, (La. 1990). Finally, regarding the grant of funds to the scholarship Program, the Parish can grant scholastic expenses or scholarships to worthy high school graduates in accordance with the provisions of R.S. 17:1756B, which provides:
 "The governing body of any parish may grant scholastic expenses or scholarships not to exceed in the aggregate total four thousand dollars per annum to assist worthy high school graduates to attend any state-endowed university or other college or institution in this state, or any business school or college which meets with the approval of the Parish Loan Fund Committee created by R.S. 17:1752."
It is the opinion of this office that grants of scholastic expenses or scholarships, made in compliance with the provisions of R.S. 17:1752B, are constitutional. La. Const. (1974) Art.VIII, Sec. 1 provides that "The legislature shall provide for the education of the people of the state . . .". Title 17 of the Revised Statutes, in Part II, Chapter 5 (R.S. 16:1671, et seq) recognizes the need for scholarship assistance and establishes a state scholarship program. Subpart E of Chapter 5 provides for parish loans to students.
We also note, that R.S. 17:1756A allows the governing body of each parish to annually donate the sum of twenty-five hundred dollars, multiplied by the number of members of the House of Representatives representing the parish, to the Plaquemines Parish School Loan Fund created pursuant to R.S. 17:1751.
We hope this sufficiently answers your questions, but if we can be of further assistance, please do not hesitate to contact us.
Yours very truly,
 RICHARD P. IEYOUB Attorney General
 BY: JEANNE-MARIE ZERINGUE Assistant Attorney General
RPI:JMZ:jv/0146n
cc: Luke A. Petrovich Plaquemines Parish President